# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. WEST,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAMES YATES,<br><br>　　　　　Defendants.<br>_____/ | CV F   06 627 OWW SMS P<br><br>ORDER DENYING MOTION FOR<br>SUBPOENAS (Doc. 6.) |

　John E. West ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on May 23, 2006.

　On July 13, 2006, Plaintiff filed a pleading titled "Request for Subpoena" in which Plaintiff requests that the Court issue a subpoena directing that inmate Canup be brought for oral hearing in this Court.

　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

   In this case, the Court has yet to screen Plaintiff's case to determine whether it states a cognizable claim for relief.  Until such time as that determination is made, the Court will not direct that the Complaint be served on Defendant which will cause the Defendant to file an Answer to the Complaint.  The Court will then issue an Order setting forth various deadlines for the filing of certain type of Motions.  Only if the Complaint survives the filing and subsequent disposition of any motions filed by Defendant will the Court then set the matter for trial.  Plaintiff's request that the Court order that Plaintiff's witness be brought before it is premature.  Plaintiff will be informed by Court Order when the appropriate time to make his list of witnesses known to the Court and the filing of a Motion for Subpoena is unnecessary.

   Accordingly, the Request for Subpoena is DENIED.

IT IS SO ORDERED.

**Dated:   July 26, 2006**            /s/ Sandra M. Snyder
icido3                       UNITED STATES MAGISTRATE JUDGE