# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. WEST, | CV F   06 627 OWW SMS P |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR ONE DAY ARGUMENT  (Doc. 11.) |
| JAMES YATES, | |
| Defendants. | |

    John E. West ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on May 23, 2006.

    On September 20, 2006, Plaintiff filed a pleading titled "Motion for One Day Argument." In this pleading, Plaintiff asks that the Court hold a hearing on his case as soon as possible. According to the Court docket, Plaintiff previously filed a Motion requesting subpoenas and an Order issued informing Plaintiff of the Court's duty to screen cases.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In this case, the Court has yet to screen Plaintiff's case to determine whether it states a cognizable claim for relief.  Until such time as that determination is made, the Court will not issue the necessary orders to serve the Complaint on the Defendants and open discovery.  Further, pursuant to Local Rule 78-230(m), "[a]ll motions, except for motions to dismiss for lack of prosecution, filed in cases wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court."

Accordingly, the Court HEREBY ORDERS:

1.   The Motion for One Day Hearing is DENIED.

IT IS SO ORDERED.

**Dated:   April 26, 2007**                      /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE