MDR

1
2
3
4
5
6
7
8
9
10
11
12
13
14

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

John E. West,                    )    No. CV 1-06-627-SRB
                                 )
         Plaintiff,              )    **ORDER**
                                 )
vs.                              )
                                 )
James A. Yates, et al.,          )
                                 )
         Defendants.             )
_____ )

15      Plaintiff John E. West, who is confined in the Pleasant Valley State Prison in

16   Coalinga, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 with

17   a co-plaintiff.  United States Magistrate Judge Sandra M. Snyder issued an Order (Doc. #5)

18   severing the co-plaintiff's claims and directing that Plaintiff would proceed as the sole

19   plaintiff in this action.  Magistrate Judge Snyder issued an Order (Doc. #13) dismissing the

20   Complaint for failure to state a claim and giving Plaintiff an opportunity to file an amended

21   complaint that cured the deficiencies identified in the Order.

22      Plaintiff filed an Amended Complaint (Doc. #16).  This case was reassigned to the

23   undersigned judge on November 25, 2008.  The Court will dismiss the Amended Complaint

24   with leave to amend.

25   **I.    Statutory Screening of Prisoner Complaints**

26      The Court is required to screen complaints brought by prisoners seeking relief against

27   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

28

JDDL-K

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Amended Complaint will be dismissed with leave to amend because the Amended Complaint may possibly be saved by amendment.

**II.     Amended Complaint**

In his Amended Complaint, Plaintiff sues Defendants Warden James A. Yates, Captain Climites, and "custody staff" and "medical staff."

As near as the Court can tell, Plaintiff alleges that he was placed in a freezing cold "management cell" without underwear, bedding, a blanket, an eating utensil, a shower, towel, or soap, for nine to twelve days.  He also appears to assert that he was given medical attention for an infection, placed in isolation for 24-hours, taken back to administrative segregation, and placed again in a "management" cell.  He asserts that this conduct violated the Eighth Amendment prohibition against cruel and unusual punishment and constituted false imprisonment and "treatment far beneath that of the common standard of decency."

Plaintiff seeks monetary damages.

**III.    Failure to State a Claim**

**A.     Failure to Link Defendant with Injuries**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the

1  injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377

2  (1976).  To state a claim against a supervisory official, the civil rights complainant must

3  allege that the supervisory official personally participated in the constitutional deprivation

4  or that the supervisory official was aware of widespread abuses and, with deliberate

5  indifference to the inmate's constitutional rights, failed to take action to prevent further

6  misconduct.  See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v.

7  List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987);

8  see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92

9  (1978).  There is no respondeat superior liability under § 1983, and therefore, a defendant's

10  position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights

11  does not impose liability.  Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

12        Plaintiff does not allege that either Defendant Yates or Defendant Climites personally

13  participated in a constitutional deprivation or was aware of widespread abuses and, with

14  deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent

15  further misconduct, or formed policies that resulted in Plaintiff's injuries.  Thus, Plaintiff has

16  failed to state a claim against Defendants Yates and Climites, and the Court will dismiss

17  them, without prejudice.

18        Similarly, Plaintiff has failed to demonstrate a link between the unnamed custody staff

19  and medical staff and Plaintiff's alleged injuries.  Moreover, Rule 10(a) of the Federal Rules

20  of Civil Procedure requires the plaintiff to include the names of the parties in the action.  As

21  a practical matter, it is impossible in most instances for the United States Marshal or his

22  designee to serve a summons and complaint on an unidentified defendant.  Therefore, the

23  Court will also dismiss without prejudice the unnamed custody staff and medical staff.

### B.    Deliberate Indifference

25        The prohibition against cruel and unusual punishment arises under the Eighth

26  Amendment.  A prison official violates the Eighth Amendment in failing to protect an inmate

27  only when two conditions are met.  First, the alleged constitutional deprivation must be,

28  objectively, "sufficiently serious"; the official's act or omission must result in the denial of

1   "the minimal civilized measure of life's necessities." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834

2   (1994).  Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he

3   must act with deliberate indifference to inmate health or safety.  <u>Id.</u>  In defining "deliberate

4   indifference" in this context, the Supreme Court has imposed a subjective test: "the official

5   must <u>both</u> be aware of the facts from which the inference could be drawn that a substantial

6   risk of serious harm exists, <u>and</u> he must also draw the inference."  <u>Id.</u> at 837 (emphasis

7   added).  Deliberate indifference is a higher standard than negligence or lack of ordinary due

8   care for the prisoner's safety.  <u>Id.</u> at 835.

9        Plaintiff has not alleged that any Defendant acted with deliberate indifference.

10  Therefore, it is also appropriate to dismiss the Amended Complaint for failing state a claim

11  upon which relief can be granted.

12          **C.      Rules 8 and 10 of the Federal Rules of Civil Procedure**

13       Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement

14  of the claim."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1) states that "[e]ach allegation must be

15  simple, concise, and direct."  A complaint having the factual elements of a cause of action

16  scattered throughout the complaint and not organized into a "short and plain statement of the

17  claim" may be dismissed for failure to satisfy Rule 8(a).  <u>See</u> <u>Sparling v. Hoffman Constr.</u>

18  <u>Co.</u>, 864 F.2d 635, 640 (9th Cir. 1988); <u>see also</u> <u>McHenry v. Renne</u>, 84 F.3d 1172 (9th Cir.

19  1996).  Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state

20  claims in "numbered paragraphs, each limited as far as practicable to a single set of

21  circumstances." Fed. R. Civ. P. 10(b).  Moreover, "[i]f doing so would promote clarity, each

22  claim founded on a separate transaction or occurrence . . . must be stated in a separate count."

23  Fed. R. Civ. P. 10(b).  It is not the responsibility of the Court to review a rambling narrative

24  in an attempt to determine the number and nature of a plaintiff's claims.

25       Plaintiff's Amended Complaint is nothing more than a rambling narrative.

26  Accordingly, it is appropriate to dismiss the Amended Complaint for failure to comply with

27  Rules 8 and 10 of the Federal Rules of Civil Procedure.

28  . . . .

1   **IV.     Leave to Amend**

2          For the foregoing reasons, Plaintiff's Amended Complaint will be dismissed for

3   failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may

4   submit a second amended complaint on the form provided with this Order.  If Plaintiff fails

5   to use the form provided with this Order, the Court may strike the second amended complaint

6   and dismiss this action without further notice to Plaintiff.

7          Plaintiff must clearly designate on the face of the document that it is the "Second

8   Amended Complaint."  The second amended complaint must be retyped or rewritten in its

9   entirety on the form provided with this Order and may not incorporate any part of the original

10  Complaint or Amended Complaint by reference.

11         Plaintiff must comply with the instructions provided with the form.  Plaintiff should

12  pay close attention to the instructions provided with the form.  If Plaintiff fails to comply

13  with the instructions provided with the form, the Court may strike the second amended

14  complaint and dismiss this action without further notice to Plaintiff.

15         Among other requirements contained in the instructions, Plaintiff must provide

16  information in a second amended complaint regarding the Court's jurisdiction and the

17  defendants, and he must divide his lawsuit into separate counts.  In each count, Plaintiff must

18  identify the federal constitutional civil right allegedly violated, check the box for the issue

19  most closely involved, state how each defendant participated in the alleged violation at issue,

20  explain how Plaintiff was injured by the alleged violation, and mark whether Plaintiff

21  exhausted any available administrative remedies.  Plaintiff must repeat this process for each

22  civil rights claim.  Plaintiff may allege only one claim per count.

23         A second amended complaint supersedes the original complaint and first amended

24  complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v.

25  Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will

26  treat the original complaint and first amended complaint as nonexistent.  Ferdik, 963 F.2d at

27  1262.   Any cause of action that was raised in the original complaint or first amended

28  complaint is waived if it is not raised in a first amended complaint.  King, 814 F.2d at 567.

1    **V.      Warnings**

2            **A.      Address Changes**

3            Plaintiff must file and serve a notice of a change of address in accordance with Rule

4    83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include

5    a motion for other relief with a notice of change of address.  Failure to comply may result in

6    dismissal of this action.

7            **B.      Copies**

8            Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

9    LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further

10   notice to Plaintiff.

11           **C.      Possible "Strike"**

12           Because the Amended Complaint has been dismissed for failure to state a claim, if

13   Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this

14   Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C.

15   § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal

16   a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

17   prior occasions, while incarcerated or detained in any facility, brought an action or appeal

18   in a court of the United States that was dismissed on the grounds that it is frivolous,

19   malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

20   under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

21           **D.      Possible Dismissal**

22           If Plaintiff fails to timely comply with every provision of this Order, including these

23   warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at

24   1260-61 (a district court may dismiss an action for failure to comply with any order of the

25   Court).

26   . . . .

27   . . . .

28   . . . .

**IT IS ORDERED:**

(1)    The Amended Complaint (Doc. #16) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(3)    The Clerk of Court must include with this Order a copy of this judge's required form for filing a civil rights complaint by a prisoner.


DATED this 5th day of January, 2009.




_____
Susan R. Bolton
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint in the
United States District Court for the Eastern District of California**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

7.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

Revised 12/1/08                    1

I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
Name: _____
Address:_____
            Attorney for Defendant(s)
_____
(Signature)

8.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  **Any allegations or defendants not included in the amended complaint are considered dismissed.**  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

9.  Exhibits.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

10.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

11.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for

2

federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
        Print the relief you are seeking in the space provided.

**SIGNATURE:**
        You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


                                            **FINAL NOTE**


        You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

_____ ,  )
(Full Name of Plaintiff)        Plaintiff,  )
                                            )
                            vs.             )   **CASE NO.** _____
                                            )        (To be supplied by the Clerk)
(1)_____ ,  )
(Full Name of Defendant)                    )
(2)_____ ,  )
                                            )   **CIVIL RIGHTS COMPLAINT**
(3)_____ ,  )   **BY A PRISONER**
                                            )
(4)_____ ,  )   ☐ Original Complaint
                            Defendant(s).   )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

### A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 12/1/08                          1                                **550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
         (Position and Title)                                                    (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
         (Position and Title)                                                    (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
         (Position and Title)                                                    (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
         (Position and Title)                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   b.  Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   c.  Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care

☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation

☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**

a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes   ☐ No

b.    Did you submit a request for administrative relief on Count I? ☐ Yes   ☐ No

c.    Did you appeal your request for relief on Count I to the highest level? ☐ Yes   ☐ No

d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count II.  Identify the issue involved.  Check only one.  State additional issues in separate counts.**
    ☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
    ☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer     ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?     ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?     ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?     ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

4

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities           ☐ Mail            ☐ Access to the court       ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property        ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?                                                          ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count III?       ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                             DATE                                                SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.