1

2

3

4

5

6 **IN THE UNITED STATES DISTRICT COURT**

7 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9 John E. West,                                                    )        No. CV 1-06-627-SRB
                                                                        )
10              Plaintiff,                                       )        **ORDER**
                                                                        )
11 vs.                                                            )
                                                                        )
12 James A. Yates, et al.,                               )
                                                                        )
13              Defendants.                                )
    _____)

14

15          Plaintiff John E. West, who is confined in the High Desert State Prison in Susanville,

16 California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 with a co-

17 plaintiff. United States Magistrate Judge Sandra M. Snyder issued an Order severing the co-

18 plaintiff's claims and directing that Plaintiff would proceed as the sole plaintiff in this action.

19 Magistrate Judge Snyder issued an Order dismissing the Complaint for failure to state a claim

20 and giving Plaintiff an opportunity to file an amended complaint that cured the deficiencies

21 identified in the Order.

22          Plaintiff filed an Amended Complaint.  In a January 5, 2009 Order, the Court

23 dismissed the Amended Complaint because Plaintiff had failed to state a claim.  The Court

24 gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies

25 identified in the Order.

26          On February 24, 2009, Plaintiff filed a Second Amended Complaint (Doc. #19). The

27 Court will dismiss the Second Amended Complaint.

28

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

**II.     Second Amended Complaint**

Plaintiff's three-count Second Amended Complaint is difficult to read and largely incomprehensible. In attempting to decipher Plaintiff's Second Amended Complaint, the Court has liberally construed Plaintiff's *pro se* pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

Plaitiff names as Defendants Warden James Yates, Captain Climites, Sergeant Fouche, and Correctional Officer Aguilar. However, the caption of his Second Amended Complaint also lists as Defendants: "custody staff, + medical staff, . . . C/O's —, Lts, underlings, . . . Rodriguez(s) Old & Young Ones, Carillo, Ponder, . . . Smith, Clements, Lane, + employee sign in logs, Nur. Benji, Nur. Smith, Medical sign in logs - days in question, (et. al) custody + medical at bldg. #1 ad. seg."

**A.     Count One**

In Count One, Plaintiff alleges violations of the "4th, 6th, 8th, + 14th Admnts, due process, cruel + unusual punishment, deliberate indifference, false imprisonment within a confinement facility." Plaintiff appears to contend that he was placed in an extremely cold

cell for twelve days, that he was naked at first and then clad only in his underwear, that his only heat was body heat until he was provided with a sheet, that he did not receive showers or clean underwear or fresh water, that he did not receive hot meals and only received rotten or partially rotten lunches containing spoiled milk, and that he did not receive medical attention during part of the twelve-day period until he was seen by a homosexual nurse and then a doctor. Plaintiff states that Defendant Yates and Climites should be held liable because others were supposed to report to them, that Defendant Climites should have noticed these conditions because she "had to make daily visual check," that his conditions were "ignored by Sgt. Fouche, Lt. Carillo, Sgt. Florez, + Cpt. Climites," and that Plaintiff was "laughed at–ridiculed–scorned, etc." by unidentified individuals.

Plaintiff's *respondeat superior* claims against Defendants Yates and Climites fail to state a claim because there is no *respondeat superior* liability under § 1983; a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff's claims regarding Defendant Climites failure to make a visual check and Defendants Fouche and Carillo "ignoring" Plaintiff's conditions also fail to state a claim. The prohibition against cruel and unusual punishment arises under the Eighth Amendment. A prison official violates the Eighth Amendment in failing to protect an inmate only when two conditions are met. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Id. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837 (emphasis added). Deliberate indifference is a higher standard than negligence or lack of ordinary due

1  care for the prisoner's safety. Id. at 835.  Plaintiff's vague and conclusory allegations that

2  Defendants "ignored" Plaintiff's conditions or failed to notice those conditions during a

3  visual check are insufficient to state a claim of deliberate indifference. See Ivey, 673 F.2d

4  at 268.

5      Thus, the Court will dismiss Count One.

6      **B.    Count Two**

7      In Count Two, Plaintiff alleges violations of the "4th, 6th, 8th, + 14th Admnts, due

8  process–cruel + unusual punishment[,] deliberate indifference, false imprisonment, within

9  a confinement facility."   Plaintiff appears to assert that "C/O(s) Rodriguez, Aguilar, Sgt.

10 Fouche, C/O Lane, Clements, McGirt, Smith, + C/Os John Does 1-5" and others "sprayed"

11 Plaintiff through the tray slot, "roughed [him] up," and 'failed for [the] biggest part of 1 ½

12 weeks—9-11 days, without ever making–custody take [Plaintiff] to C.T.C.—or even to yrd.

13 clinic, and never, until RN Benji came, w[as Plaintiff] ever given first aid, treated, or was

14 custody –told/forced to adhere to professional actions."

15      Plaintiff appears to be asserting a claim of excessive force when he alleges that he was

16 "sprayed" and "roughed . . . up."  When an inmate claims that prison officials violated his

17 Eighth Amendment rights by using excessive physical force, the relevant inquiry is "whether

18 force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

19 sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  The Supreme

20 Court has made it clear that not every use of physical force violates the Eighth Amendment:

21      That is not to say that every malevolent touch by a prison guard
        gives rise to a federal cause of action.  See Johnson v. Glick,
22      481 F.2d [1028, 1033 (2nd Cir. 1973)] ("Not every push or
        shove, even if it may later seem unnecessary in the peace of a
23      judge's chambers, violates a prisoner's constitutional rights").

24 Id. at 9.

25      Plaintiff makes no allegations regarding the events that preceded Plaintiff being

26 sprayed and roughed up.  His vague and conclusory allegations do not enable the Court to

27 ascertain whether the force was employed to maintain or restore discipline or to cause harm.

28 Therefore, Plaintiff has failed to state a claim of excessive force.

1    To the extent Plaintiff is alleging that he did not receive medical care, he has not

2    linked that deprivation to the specific conduct of a specific defendant. See Rizzo v. Goode,

3    423 U.S. 362, 371-72, 377 (1976) (to state a claim under § 1983, plaintiffs must allege that

4    they suffered a specific injury as a result of specific conduct of a defendant and show an

5    affirmative link between the injury and the conduct of that defendant). His vague and

6    conclusory claims that he was not taken to a clinic and did not receive first aid are

7    insufficient to state a claim.

8         Thus, the Court will dismiss Count Two.

9         **C.    Count Three**

10        In Count Three, Plaintiff alleges violations of the "4th, 6th, 8th, + 14th Amdmts of

11   Consitution" and appears to allege that he is supposed to be free from "reprisal and any form

12   of violence, harm of any kind" and that staff is "liable" for all inmate property. He states that

13   he has not seen his "'real personal property.'"

14        Because Plaintiff has failed to link his injuries to any specific conduct by a specific

15   defendant, he has failed to state a claim in Count Three. See id. Moreover, a state employee

16   who intentionally and without authorization deprives a person of his property does not

17   violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is

18   available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). California law provides inmates

19   with an adequate post-deprivation remedy for property loss. Barnett v. Centoni, 31 F.3d 813,

20   816-17 (9th Cir. 1994). Thus, Plaintiff has failed to state a claim regarding any deprivations

21   of his personal property.

22        Therefore, the Court will dismiss Count Three.

23   **IV.   Dismissal without Leave to Amend**

24        The Court will dismiss Plaintiff's Second Amended Complaint without leave to

25   amend. "Leave to amend need not be given if a complaint, as amended, is subject to

26   dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The

27   Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously

28   been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States,

1 | 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors

2 | to be considered in deciding whether justice requires granting leave to amend. <u>Moore</u>, 885

3 | F.2d at 538.

4 |       Plaintiff has made three efforts at crafting a viable complaint and appears unable to

5 | do so despite specific instructions from the Court. Further opportunities to amend would be

6 | futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended

7 | Complaint without leave to amend.

8 | **IT IS ORDERED:**

9 |       (1)    Plaintiff's Second Amended Complaint (Doc. #19) is **dismissed** for failure to

10 | state a claim, and the Clerk of Court must enter judgment accordingly.

11 |       (2)    The Clerk of Court must make an entry on the docket stating that the dismissal

12 | for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

14 |       DATED this 20th day of March, 2009.

Susan R. Bolton
United States District Judge